CHARLES J. SCHUCK, Judge.
Claimant, E. Y. McVey, heretofore filed his petition asking for an award of $1650.00, representing five months salary as a state mine inspector at a salary of $325.00 per month, from August 1, 1945 to December 31, 1945. Claimant had for some years previous to August 1, 1945, been employed as a mine inspector by the state department of mines; was serving a four-year term, expiring December 31, 1945, when he was dismissed without cause from the service effective July 31, 1945. as he maintains in his petition, and has never been paid for the five months period remaining in the said term of employment. To his petition and application for an award by this court the department involved filed a general denial of liability and a special plea asking the court to dismiss the case or claim on the ground that claimant had an adequate remedy in the circuit courts of this state, and that, therefore, this court was without jurisdiction to hear and determine the matters here presented.
The act of the Legislature creating the State Court of Claims specifically provides, subsection 7, section 14 of chapter 20 of *234 the Acts of 1941, that the jurisdiction of this court does not extend to any claim upon which a proceeding may be maintained by a claimant in the courts of the state.
In a case based on facts almost identical with those revealed by the hearing before us, our Supreme Court of Appeals took jurisdiction of an original proceeding in mandamus inter aha the issuing of a requisition for his full salary during the period of petitioner’s ouster. See LePage v. Bailey, 114 W. Va. 25. LePage had, likewise, been a district mine inspector regularly appointed for the term of four years, ending December 31, 1933, and by action of the chief of the department of mines was summarily dismissed from the service as of March 20, 1933, leaving approximately nine months remaining during his regular term of service for which he had been appointed. He was not paid for the unexpired part of the term and in his petition for the writ of mandamus asked payment accordingly. The writ was awarded and this action on the part of the Supreme Court clearly shows that the claimant here has an adequate remedy in the courts of our state and that therefore the Court of Claims is without jurisdiction to hear and determine the issues presented by claimant’s petition and testimony.
We, therefore, sustain respondent’s motion to dismiss the claim.